CHOUTEAU & VALLE, Defendants in Error, *vs.* STEAMBOAT
ST. ANTHONY, Plaintiff in Error.

1. Evidence of a custom by boats to carry bank bills for customers to concil-
iate their patronage, is insufficient to establish a custom of carrying bank
bills for hire.
2. The principle that a bailee, who gratuitously undertakes to do an act, is
liable for negligence in doing it, is not applicable to steamboats.
3. Same case, 16 Mo. Rep. 216, affirmed.

*Error to St. Louis Court of Common Pleas.*

This was a statutory action against a steamboat, brought in
1846, for an alleged breach of a contract to carry $572 in
bank notes from St. Louis to Pell's landing, on the Ohio river.
The case now comes here after another trial since it was last
reversed and remanded. (16 Mo. Rep. 216.) It was proved
that the letter containing the money was delivered to the clerk
of the boat, and that $420 of the amount was missing, when the
letter reached its destination. The plaintiff then examined a
number of river men, for the purpose of showing a custom of
boats to carry bank notes for hire on account of the owners.
Several witnesses testified that it was common for boats to carry
packages of money for their customers, but that as a general
thing, no charge was made, the object and expectation being to
get the patronage of those whom they thus accommodated.
Frequently however, charges were made, and this was generally
the case when the money was carried for strangers. In either
case, as some of the witnesses stated, the carriage was on ac-
count of the owners and at their risk. Some witnesses *con-
sidered* that boats had a right to charge in every case, whether
there was a special contract in advance or not. There was also
evidence of a declaration by the clerk of the boat, before the
letter was delivered at its destination, that "they intended to
have five dollars" for carrying it. The following instructions
were given :

1. If the jury believe from the evidence, that the defendant
undertook to carry the package of money in controversy from

St. Louis to Pell's landing, and failed to deliver $420 of said money or bank notes, then the jury should find for plaintiffs.

2. If the jury believe from the evidence, that it was the custom of boats in that trade to carry packages of money or bank notes for hire, and that the defendant received the package in question, to transport the same from St. Louis to Pell's landing, then, *prima facie*, the defendant did undertake to carry the same for hire.

3. If the package in question was received on account of the boat, to be transported on her account, and said package was received for transportation for hire, the defendant is liable for the loss, if any occurred.

4. If the said package was not to be transported for hire, or it was not the custom of the boats in that trade to carry said packages for hire, or if said package was carried by the captain as a matter of courtesy, not to be paid for, or if the said package was to be carried by the captain on his own account, and not on account of the defendant, then the defendant is not liable.

5. If the captain held himself out as agent of the boat, in undertaking to carry bank bills, as being within the usual scope of the services and employment of the boat, and the owners of the boat knew that the hire, in such cases, was on their account, then the boat is liable for the loss, if any occurred, unless it appears that this transaction was on the account of the officers or some of them, and not on account of the boat.

6. If it was not the custom of boats to carry such packages for hire, then the plaintiffs cannot recover, unless it was understood or agreed that this package was to be carried for hire, and the owners of the boat knew that it was to be so carried for hire on account of the boat, or it was the custom of the defendant, with the knowledge of the owners, to carry such packages for hire on account of the boat.

There was a verdict for the plaintiffs.

*Hudson & Thomas* and *B. Bates*, for plaintiff in error.

*C. B. Lord*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

This is the third or fourth time this cause has been in this court, and it would be some consolation to know when there will be an end of it. We have examined the facts upon the record, and do not see that the case is now materially variant from that presented when it was here before. The evidence of the declaration of the clerk, that he would have five dollars for carrying the package, can have little or no weight in determining this controversy.

1. The question involved is an important one, as it should be well understood, if boat owners are liable for every sealed package of bank bills a clerk may receive to be carried on the boat. When this case was here before, the opinion was expressed that the evidence was insufficient to establish the custom of boats carrying bank bills for hire. In the case before us, there is no such evidence of such usage as would warrant an instruction upon it. No witness testifies that those for whom bank bills were carried without reward, were under any obligation in return to bestow on it their patronage. So, the act of carrying is gratuitous, as it was said to be done in expectation of return freights or of future favors, for which the party favored was under no obligations.

2. The first instruction was evidently erroneous. It seems it was conceived on the principle that, if a bailee gratuitously undertake to do an act, he will be liable for negligence in doing it, although he was not bound to do it. This principle, however correct, when applied to individuals, can have no application to steamboats. A steamboat is not a person who can undertake a gratuitous bailment.

The second, third and fourth instructions were erroneous. There was no case for the fifth, and the sixth, with the omission in its beginning of what relates to custom, was the only one applicable to the merits of the case.

3. When this cause was formerly here, the law respecting the question involved in it was carefully looked into, and we see no

reason for departing from the opinion then expressed. The opinion, it seems to us, is full, and covers the ground of this case. The other judges concurring, the judgment is reversed, and the cause remanded.